The plaintiff gave in evidence a deed from James Black to Cunningham, one of the lessors, and John Cully, for the lot in con *265 troversy, dated January 18, 1822. Consideration $140. Also, a deed for the same premises, from John Cully to John W. Cully, the other lessor.
*The defendant then proved that the lot in question was levied on by virtue of an execution, in 1810, and sold as the property of James Black; that Schenck and Stansbury became the purchasers; that James Black, the then owner of the lot, being satisfied with the sale, agreed, for a small additional consideration, to execute a ■deed to the purchasers under the sheriff. He then offered a deed for the lot in question, from James Black and wife to Schenck and Stansbury, under whom he claimed, dated May 19, 1810. This deed was objected to on the ground that it had not been recorded within six months after its execution, according to the act providing for the acknowledgment and recording of deeds. The clause of the .statute relied on is in these words: “ And if any deed for the conveyance of lands, tenements, or hereditaments, made and executed, whereby the same shall be affected in law, or in any manner incumbered, shall not be acknowledged, or proved and recorded within the respective times allowed, the same shall be deemed fraudulent against any subsequent bona fide purchaser or purchasers, without knowledge of the execution of such former deed ■or conveyance.”
The court were of opinion that the omission to record the deed ■did not necessarily destroy its validity. That it was not an objection to the deed itself, but to its effect as evidence in the cause, and that the objection might be rebutted by parol testimony. They, therefore, overruled the objection, and the deed was read to the jury.
The defendant then called several witnesses for the purpose of charging the lessors of the plaintiff with notice.
Mr. Station testified that Cunningham and Cully were living in the town of Newark at the time of the levy and sale; that the .sale was made near Mr. Cully’s door; that the sale and the deed from Black to Schenck and Stansbury were generally known and spoken of in the town; that the making of the deed was a subject •of conversation for several weeks, and that there were not at that time more than a dozen families residing in the town.
Mr. Johnston testified that he saw the sheriff’s advertisement; that he was present at the sale to Schenck and Stansbury, and *266 that the circumstances of the sale were generally known arid spoken of in the town.
*Judge Wilson testified that he recollected the sale and purchase by Schenck and Stansbury; that it was notorious and commonly talked about, and so was the deed from Black. He understood, and he thinks it was generally understood, that Houston and McDougal were in possession of the lot under Schenck and Stansbury.
Mr'. Wright testified that he knew of the sale at the time; that it was generally known and talked of, and he supposed everybody knew it.
Mr. Yan Buskirk heard it publicly talked of that Black had given the deed to Schenck and Stansbury.
Mr. Lincoln lived in town at the time of the sale, which was a notorious thing; he supposed everybody knew it. He thinks, from the conversation on the subject, that every person in town* must have known it.
Mr. Black — he was at the sale; it was generally known.
Mr. Smith testified that Cunningham was searching the records-for the deed.
Mr. Evans testified that Cunningham had told him he had searched for the deed.
The plaintiffs then called several witnesses to rebut.
Colonel Davidson testified that he had heard a long time back of the sale to Schenck and Stansbury; that some said there was a deed ; that others thought not.
Mr. Obannon testified that he did not live in town at the time-of the sale, but heard of it, and that there was'a difference of opinion about it.
Mr. Gillespie had heard of the sale and purchase.
Mr. Elliot was in town, and knew of the sale, but not of the deed.
Mr. McDougal testified that he always understood there was a-deed from Black to the purchasers, under the sheriff.
On this testimony the cause went to the jury.
The plaintiff’s counsel called on the court to charge them that, it was necessary for the defendant to prove that the lessors of the plaintiff had actual notice of the deed from Black, under which. *267 the defendant claimed; and that if such proof had not been made it would be their duty to find for the plaintiff.
*The court refused to give the direction required; but after stating the case, and summing up the evidence, informed them that the omission to record the deed did not necessarily render it void. That its validity or invalidity depended on the fact of notice, which might be proved by the same description of evidence that is admitted in other cases. That violent presumption, or the proof of such facts as imply notice, was sufficient, and that if their minds were convinced, by the whole testimony, that the lessors of the plaintiff had knowledge of the deed, under which the defendant claimed, they should be charged with notice. That a man was not at liberty to shut his eyes against the truth,- and shelter himself under the plea of ignorance. That where a fact comes to his knowledge, that necessarily puts .him on his guard, he is bound to make diligent inquiry, and to search for information at the sources from which it is most natural to expect it. That’although the adverse possession which existed in this case, and was known to the plaintiffs, was not evidence of actual notice, yet it was a violent presumption, which, in connection with other facts, might satisfy the mind of a jury. That the cases under the registry acts of Great Britain, cited at the bar, were inapplicable, as those acts do not contain the proviso that is found in ours. They declare the instrument absolutely void, and relief against them can be had only in chancery, on the general principles of equity. Stricter proof is therefore required. The party applying for relief must make out a clear case of fraud, but our statute provides relief, and the jury is authorized to examine and decide the fact, and they must do it according to the established rules of evidence in ordinary cases, at common law.
Verdict for the defendant.